UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DANIEL LIPSKY,<br><br>              Plaintiff,<br><br>vs.<br><br>NATE CRONIN, BILL WAINMAN, MICHAEL CLOSE and CITY OF HOT SPRINGS, SOUTH DAKOTA<br><br>              Defendants. | 5:22-CV-05039-LLP<br><br><br>ORDER GRANTING MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO THE<br>SOUTH DAKOTA DIVISION OF CRIMINAL INVESTIGATION<br>(DOC 33) |

This is a civil suit whereby Plaintiff seeks damages from Defendant for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. 1). Pending is a Motion to Quash filed by the South Dakota Division of Criminal Investigation (hereinafter "DCI"), a non-party to this action and recipient of a subpoena duces tecum. (Doc. 33). United States District Judge Lawrence L. Piersol referred the Motion to Quash to this Magistrate Judge for determination pursuant to 28 U.S.C. § 636. (Doc. 40).

**FACTUAL BACKGROUND**

Mr. Lipsky filed suit alleging various civil rights violations against the Defendants. (Doc. 1). Defendants filed a motion to dismiss for failure to state a claim, which was granted in part and denied in part. (Docs. 6, 16). Mr. Lipsky's remaining claims that survived the motion to dismiss are as follows: 1) a § 1983 claim based on unlawful search of Mr. Lipsky's truck and his personal

effects; 2) Mr. Lipsky's claim for prolonged detention; and 3) Mr. Lipsky's negligent hiring, training and supervision claims. (Doc. 16 at p. 19).

Lipsky served a subpoena duces tecum on non-party South Dakota Division of Criminal Investigation requesting, "All video, Body cam video, files and documents in DCI possession concerning Hot Springs, SD police department." (Doc. 33-1). The subpoena duces tecum directed the DCI to send the materials by certified mail to the Plaintiff to an address in Las Vegas, Nevada within ten business days of service of the subpoena. Id. DCI filed a motion to quash the subpoena duces tecum. (Doc. 33).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 45 requires the court to quash a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3)(A).

This court has previously set forth the applicable analysis as follows:

> Discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1). While discovery is not a fishing expedition, the relevancy standard is broader for discovery than for admissibility of evidence. *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1992) (citations omitted). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Id.* The party seeking discovery bears this burden. *See id.* " 'Even if relevant, discovery is not permitted where no need is shown, or

compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2,* 197 F.3d 922, 925 (8th Cir.1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed.Cir.1990)).

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction." Fed.R.Civ.P. 45(c)(1). A court "must quash or modify a subpoena that ... subjects a person to undue burden." *Id.* Some courts utilize a six-factor test for determining if an undue burden exists: " '(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the discovery request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.'" *Glenford Yellow Robe v. Allender,* No. 09–5040–JLV, 2010 WL 1780266, at *5 (D.S.D. Apr. 30, 2010) (quoting *Jade Trading, LLC v. United States,* 65 Fed.Cl. 188, 190 (Fed.Cl.2005)). The party moving to quash the subpoena bears the burden to prove that the subpoena would create an undue burden. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2459 (3d ed. 2008).

When a nonparty is subpoenaed, the court is particularly mindful of Rule 45's undue burden and expense cautions. Wright & Miller, at § 2459; *see also Alberts v. HCA Inc.,* 405 B.R. 498, 503 (D.D.C.2009) (reasoning that a "blatant abuse of the subpoena power is a common thread running through decisions in which sanctions have been awarded under Rule 45(c)(1)," such as seeking information from a nonparty to use in a different court action). To protect a nonparty from undue burden or expense, the court can modify the subpoena's scope or shift the financial burden of retrieving the information to the requesting party. Wright & Miller, at § 2459. If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena. *See In re Cantrell,* No. 09–mc–0158–CV–W–GAF, 2009 WL 1066011, at *2 (W.D.Mo. Apr. 21, 2009) (quashing a nonparty document subpoena because a party in the action had the information).
If the subpoena seeks the nonparty's confidential information, the court can find that the party serving the subpoena engaged in "overzealous discovery," quash the subpoena, and award costs to

the nonparty. *Haworth Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978–79 (Fed.Cir.1993).

Precourt v. Fairbank Reconstruction Corp., 280 F.R.D. 462, 467 (D.S.D. 2011).

## DISCUSSION

**A.     Substantive Law Applicable to Mr. Lipsky's Claims**

As noted *supra*, Lipsky's remaining claims that survived the motion to dismiss are as follows: 1) a § 1983 claim based on the unlawful search of Mr. Lipsky's truck and his personal effects; 2) Mr. Lipsky's claim for prolonged detention; and 3) Mr. Lipsky's claims of negligent hiring, training and supervision. (Doc. 16 at p. 19).

To prove his unlawful search claim, Mr. Lipsky must show that the defendant(s) in question: 1) conducted an unlawful search of Mr. Lipsky and 2) he suffered and actual, compensable injury. Waters v. Madson, 921 F.3d 725, 749 (8th Cir. 2019).

To prove his false imprisonment claim, Mr. Lipsky must show that the defendant(s) in question: 1) detained or restrained Mr. Lipsky against his will; and 2) the detention or restraint was unlawful. McGillivray v. Siedschlaw, 278 NW2d 796, 801 (S.D. 1979).

With regard to Mr. Lipsky's negligent hiring claim, "[l]iability is predicated on the negligence of an employer in placing a person with known propensities, or propensities which should have been discovered by a reasonable investigation, in an employment position in which, because of the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others." Medina v. Botello, 595 F.

Supp. 3d 838, 847 (D.S.D. 2022)(quoting Ponticas v. K.M.S. Investments, 331 N.W.2d 908, 911 (Minn. 1983)).

To prove his failure to train claim, Mr. Lipsky must show: 1) the City's training practices were inadequate; 2) the City was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice by the City, and 3) an alleged deficiency in the training procedures actually caused the plaintiff's injury. Parrish v. Ball, 594 F3d. 993, 997 (8th Cir. 2010).

To prove his failure to supervise claim, Mr. Lipsky must show 1) the City received notice of a pattern of unconstitutional acts committed by subordinates; 2) the City demonstrated deliberate indifference or gave tacit authorization of the acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately cause injury to Mr. Lipsky. Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997).

**B.    Whether the Subpoena Duces Tecum should be quashed**

**1. Location**

Mr. Lipsky subpoenaed DCI to produce documents or electronically stored information and requested that the documents be sent to him via USB or CD by certified mail to his residence in Nevada. The subpoena does not specify that originals must be produced. Mr. Lipsky has also listed his email address. Mr. Lipsky's subpoenas are for the production of documents. The movant has failed to establish why DCI would have to travel to comply with the discovery request and the subpoenas will not be quashed on this basis.

### 2. Relevance

The burden is on Mr. Lipsky to make a threshold showing of relevance. If the requesting party shows relevance, then it falls to the resisting party to establish grounds to not provide the discovery.

DCI argues that, "Lipsky has failed to establish that the materials requested by the subpoena are relevant to the case." (Doc. 33 at p. 4). Mr. Lipsky doesn't explain how the material sought are relevant. He simply argues, "If DCI would comply with this request Plaintiff would be finished with discovery and have enough material to continue with his jury trial. . . On information and belief various HSPD officers have been involved in a pattern of false arrests, falsified reports, theft and evidence tampering among other things going back possibly [t]wo decades under the direct watch of former Chief Michael Close. DCI is doing a massive disservice to the public by keeping these documents secret. . . ESI requested would have an enormous impact on Plaintiff's claims. . . South Dakota DCI is the only agency that has investigative files on HSPD." (Doc. 34 at pp. 3-7). Here, the information sought by Mr. Lipsky meets the threshold showing of relevance to his claim of negligent hiring, training and supervision claims.

### 3. Undue Burden/Overly Broad

DCI argues that the subpoena duces tecum imposes an undue burden because it is overly broad, making compliance practically impossible. (Doc. 33 at pp. 2-5). The court is mindful that it previously cautioned Mr. Lipsky regarding the scope of his discovery requests. Despite this warning, Mr. Lipsky

made a request from a non-party for "All video, Body cam video, files and documents in DCI possession concerning Hot Springs, SD police department." (Doc. 33-1).  DCI further argues that "DCI is a state-wide law enforcement agency in South Dakota that has a multitude of responsibilities.  Compliance with this blanket request would surely produce sensitive materials that are irrelevant to the claims pled by Mr. Lipsky." (Doc. 33 at pp. 4-5).

Mr. Lipsky argues there is no undue burden because Hot Springs Police Department is unlike large police agencies such as the LAPD or the NYPD. (Doc. 34 at p. 2).  Mr. Lipsky surmises that the DCI documents regarding the Hot Springs Police Department would number in the 200–600 page range and that thousands of hours of video from body camera footage can be transferred from a computer to a hard drive within a short time.  Id.  Mr. Lipsky then appears to narrow the scope of his requested materials to, "At a bare minimum, Plaintiff requires [a]ll body camera footage from former Officer Nate Cronin, all his arrest reports[,] [a]nd all investigative reports from DCI regarding specifically defendants Cronin, Wainman, and Close." Id. at p. 3. Lipsky argues that alternative conditions are available and stated his willingness to pay "$20 per man hour for catalogue of requested documents and ESI" and the cost of an external hard drive and certified mail. Id. at p. 5.

As noted above, a court must quash or modify a subpoena that … subjects a person to undue burden.  When applying the six-factor test[1]

---

[1] Glenford Yellow Robe v. Allender, No. 09–5040–JLV, 2010 WL 1780266, at *5 (D.S.D. Apr. 30, 2010) (quoting Jade Trading, LLC v. United States, 65 Fed.Cl. 188, 190 (Fed.Cl.2005))

discussed above, the court finds that DCI has met its burden to show an undue burden. Here, the original subpoena duces tecum of all video, body cam video, files and documents in DCI possession concerning Hot Springs, SD police department is exceedingly overbroad. Even if the court were to narrow the scope of the requested discovery to the items requested by Mr. Lipsky in his reply brief, to-wit: all body camera footage from former Officer Nate Cronin, all his arrest reports, and all investigative reports from DCI regarding Defendant Cronin, Wainman, and Close, the request still presents an undue burden on the non-party, DCI.

In supplemental pleadings, DCI and Mr. Lipsky discussed subsequent efforts they made in attempts to resolve the discovery issue. (Docs. 39 and 41). During a discussion with DCI, Mr. Lipsky provided names and date ranges for DCI to conduct a search of their records. The search produced 106 pages of documents which DCI sent to Mr. Lipsky. (Doc. 39). In response, Mr. Lipsky asserted that the documents provided by DCI were insufficient. (Doc. 41). Mr. Lipsky asserts, "DCI has sent a lengthy document to Plaintiff which is 95% a copy of his own complaint sent back, while the rest is unusable gibberish and worthless as evidence. The document is not responsive to Plaintiff's subpoena. Has no information about former HSPD officers Austin Chaffin or Geoff Benway. No investigative files on former chief Michael Close or Captain Bill Wainman. And no Body camera footage." Id. Mr. Lipsky asserts that the DCI and its attorney are lying to the court about what it has in its possession and asks the court to allow outside auditors to "go through DCI's system to test its

honesty." Id. at p. 2. Mr. Lipsky's dissatisfaction with the documents provided and his subjective belief that DCI is dishonest fails to establish that the Court should order DCI to conduct additional searches or turn over additional documents. Further, Mr. Lipsky's suggestion of an independent audit of DCI's system is evidence of the impermissible undue burden Mr. Lipsky seeks to impose upon a non-party.

Because the court has found that the movant has met its burden to establish the subpoena duces tecum presents an undue burden on the non-party, the court will not address the remaining objections presented by DCI.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that South Dakota Division of Criminal Investigation's Motion to Quash or Modify Subpoena (Doc. 33) is granted.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 21st day of August, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge