UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DANIEL LIPSKY,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>NATE CRONIN, BILL WAINMAN, MICHAEL CLOSE and CITY OF HOT SPRINGS, SOUTH DAKOTA<br><br>　　　　　　Defendants. | 5:22-CV-05039-LLP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO RAVEN KAUFMANN (DOC. 35) |

　　　This is a civil suit whereby Plaintiff seeks damages from Defendants for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. 1). Pending is a Motion to Quash filed the Defendants, Nate Cronin, Bill Wainman, Michael Close and the City of Hot Springs. (Doc. 35). United States District Judge Lawrence L. Piersol referred the Motion to Quash to this Magistrate Judge for determination pursuant to 28 U.S.C. § 636. (Doc. 40).

**FACTUAL BACKGROUND**

　　　Mr. Lipsky filed suit alleging various civil rights violations against the Defendants. (Doc. 1). Defendants filed a motion to dismiss for failure to state a claim, which was granted in part and denied in part. (Docs. 6, 16). Mr. Lipsky's remaining claims that survived the motion to dismiss are as follows: 1) a § 1983 claim based on unlawful search of Mr. Lipsky's truck and his personal effects; 2) Mr. Lipsky's claim for prolonged detention; and 3) Mr. Lipsky's negligent hiring, training and supervision claims. (Doc. 16 at p. 19).

Mr. Lipsky served a subpoena duces tecum on non-party Raven Kaufmann requesting, "former Box Elder officer Nate Cronin's personnel file in full with a complete list of persons arrested by him via USB or CD." (Doc. 35-1). The subpoena duces tecum directed Raven Kaufman to send the materials by certified mail to the Plaintiff to an address in Las Vegas, Nevada within ten business days of service of the subpoena. Id. Defendants filed a motion to quash the subpoena duces tecum. (Doc. 35). Mr. Lipsky did not file a response to Defendants' Motion to Quash.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 45 requires the court to quash a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3)(A).

This court has previously set forth the applicable analysis as follows:

> Discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1). While discovery is not a fishing expedition, the relevancy standard is broader for discovery than for admissibility of evidence. *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1992) (citations omitted). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Id.* The party seeking discovery bears this burden. *See id.* " 'Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the

person seeking discovery of the information.' " *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2,* 197 F.3d 922, 925 (8th Cir.1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed.Cir.1990)).

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction." Fed.R.Civ.P. 45(c)(1). A court "must quash or modify a subpoena that ... subjects a person to undue burden." *Id.* Some courts utilize a six-factor test for determining if an undue burden exists: " '(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the discovery request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.' " *Glenford Yellow Robe v. Allender,* No. 09–5040–JLV, 2010 WL 1780266, at *5 (D.S.D. Apr. 30, 2010) (quoting *Jade Trading, LLC v. United States,* 65 Fed.Cl. 188, 190 (Fed.Cl.2005)). The party moving to quash the subpoena bears the burden to prove that the subpoena would create an undue burden. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2459 (3d ed. 2008).

When a nonparty is subpoenaed, the court is particularly mindful of Rule 45's undue burden and expense cautions. Wright & Miller, at § 2459; *see also Alberts v. HCA Inc.,* 405 B.R. 498, 503 (D.D.C.2009) (reasoning that a "blatant abuse of the subpoena power is a common thread running through decisions in which sanctions have been awarded under Rule 45(c)(1)," such as seeking information from a nonparty to use in a different court action). To protect a nonparty from undue burden or expense, the court can modify the subpoena's scope or shift the financial burden of retrieving the information to the requesting party. Wright & Miller, at § 2459. If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena. *See In re Cantrell,* No. 09–mc–0158–CV–W–GAF, 2009 WL 1066011, at *2 (W.D.Mo. Apr. 21, 2009) (quashing a nonparty document subpoena because a party in the action had the information).
If the subpoena seeks the nonparty's confidential information, the court can find that the party serving the subpoena engaged in "overzealous discovery," quash the subpoena, and award costs to the nonparty. *Haworth Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978–79 (Fed.Cir.1993).

Precourt v. Fairbank Reconstruction Corp., 280 F.R.D. 462, 467 (D.S.D. 2011).

## DISCUSSION

**A.     Substanative Law Applicable to Mr. Lipsky's Claims**

As noted *supra*, Mr. Lipsky's remaining claims that survived the motion to dismiss are as follows: 1) a § 1983 claim based on the unlawful search of Mr. Lipsky's truck and his personal effects; 2) Mr. Lipsky's claim for prolonged detention; and Mr. Lipsky's claims of negligent hiring, training and supervision. (Doc. 16 at p. 19).

To prove his unlawful search claim, Mr. Lipsky must show that the defendant(s) in question: 1) conducted an unlawful search of Mr. Lipsky and 2) he suffered and actual, compensable injury. Waters v. Madson, 921 F.3d 725, 749 (8th Cir. 2019).

To prove his false imprisonment claim, Mr. Lipsky must show that the defendant(s) in question: 1) detained or restrained Mr. Lipsky against his will; and 2) the detention or restraint was unlawful. McGillivray v. Siedschlaw, 278 NW2d 796, 801 (S.D. 1979).

With regard to Mr. Lipsky's negligent hiring claim, "[l]iability is predicated on the negligence of an employer in placing a person with known propensities, or propensities which should have been discovered by a reasonable investigation, in an employment position in which, because of the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others." Medina v. Botello, 595 F.

Supp. 3d 838, 847 (D.S.D. 2022)(quoting Ponticas v. K.M.S. Investments, 331 N.W.2d 908, 911 (Minn. 1983)).

To prove his failure to train claim, Mr. Lipsky must show: 1) the City's training practices were inadequate; 2) the City was deliberately indifferent to the rights of other in adopting them, such that the failure to train reflect a deliberate or conscious choice by the City, and 3) an alleged deficiency in the training procedures actually caused the plaintiff's injury.  Parrish v. Ball, 594 F3d. 993, 997 (8th Cir. 2010).

To prove his failure to supervise claim, Mr. Lipsky must show 1) the City received notice of a pattern of unconstitutional acts committed by subordinates; 2) the City demonstrated deliberate indifference or gave tacit authorization of the acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately cause injury to Mr. Lipsky.  Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997).

**B.     Whether the Subpoena Duces Tecum should be quashed**

**1. Standing**

"The Federal Rules of Civil Procedure do not set forth a rule as to who has standing to challenge a subpoena issued to a nonparty pursuant to Rule 45." Pogue v. Nw. Mut. Life Ins. Co., No. 3:14-CV-598-CRS-CHL, 2016 WL 3094031, at *3 (W.D. Ky. June 1, 2016) (objections sustained in part and overruled in part on other grounds).  However, precedent from the District of South Dakota holds the following: "Generally, a party to a lawsuit does not have standing to seek to quash a subpoena directed to a non-party—that power

lies with the non-party." Williams Dev. & Constr., Inc. v. United States (D.S.D. Dec. 10, 2019) (internal citations omitted).  See also Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 212 (D.S.D. 2018).  Similarly, other federal district courts have come to this same conclusion when analyzing standing.  See e.g., Oliver B. Cannon & Son, Inc. v. Fid. & Cas. Co. of New York, 519 F. Supp. 668, 680 (D. Del. 1981) (collecting cases).  "However, when the party seeking to challenge the subpoena has a *personal right or privilege* in the subpoena, an exception has been made."  Williams Dev. & Constr., Inc., No. 4:18-CV-04033-LLP, 2019 WL 6716786, at *3 (emphasis added).  Here, defendant Nate Cronin clearly has a personal right in the confidential information contained in his personnel file.  Accordingly, the court concludes he has standing to challenge the subpoena.

   **2. Location**

Mr. Lipsky subpoenaed Raven Kaufman to produce documents or electronically stored information and requested that the documents be sent to him via USB or CD by certified mail to his residence in Nevada.  The subpoena does not specify that originals must be produced.  Mr. Lipsky has also listed his email address.  Mr. Lipsky's subpoenas are for the production of documents.  The movant has failed to establish why Ms. Kaufman would have to travel to comply with the discovery request and the subpoena will not be quashed on this basis.

### 3. Relevance

The burden is on Mr. Lipsky to make a threshold showing of relevance. If the requesting party shows relevance, then it falls to the resisting party to establish grounds to not provide the discovery.

Defendant argues "Officer Cronin's employment with the Box Elder Police Department is not relevant to whether Plaintiff's truck was unlawfully searched or his personal effects seized or to whether he was detained to long." (Doc. 36 at p. 3). The court agrees. However, Defendants go on to argue that Officer Cronin's "employment with the *Box Elder* Police Department is not relevant to whether the *Hot Springs* Police Department negligently hired, trained, or supervised him." Id. The Court disagrees.

As discussed *supra*, with regard to Mr. Lipsky's negligent hiring claim, "[l]iability is predicated on the negligence of an employer in placing a person with known propensities, or propensities which should have been discovered by a reasonable investigation, in an employment position in which, because of the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others." Medina, 595 F. Supp. 3d at 847 (D.S.D. 2022). Plaintiff's Complaint alleges that Officer Cronin's personnel file from the Box Elder Police Department contains information regarding alleged misconduct and a resignation under questionable circumstances. Information contained in Officer Cronin's personnel file from his previous employment is relevant to what Hot Springs knew or should have been discovered by a reasonable investigation when it made it's hiring decision.

Although the Court expresses no opinion as to whether this evidence will be admissible at trial, the evidence is discoverable.

### 4. Undue Burden/Overly Broad

Defendant argues that the subpoena duces tecum imposes an undue burden because the request to provide, "a complete list of persons arrested by" Officer Cronin while at the Box Elder Police Department would require them to create or generate documents that do not exit.  The court agrees.  First, the court fails to see the relevance of identifying persons arrested by Officer Cronin while employed at a previous law enforcement agency to any of Mr. Lipsky's surviving claims.  Since Mr. Lipsky failed to respond to this motion to quash, there is no explanation regarding relevance.  The court is mindful that it previously cautioned Lipsky regarding the scope of his discovery requests. "A subpoena duces tecum must be reasonable and specific, and the documents sought must be relevant."  United States v. Kalter, 5 F3d 1166, 1169 (8th Cir. 1993).

When applying the six-factor test[1] discussed above, the court finds that requiring Raven Kaufman to provide a complete list of persons arrested by Officer Cronin is an undue burden, is exceedingly overbroad, and greatly outweighs any relevance that it might have to the case.  To the extend that the subpoena seeks a list of persons arrested by Officer Cronin while at the Box Elder Police Department, the subpoena is quashed.

---

[1] Glenford Yellow Robe v. Allender, No. 09–5040–JLV, 2010 WL 1780266, at *5 (D.S.D. Apr. 30, 2010) (quoting Jade Trading, LLC v. United States, 65 Fed.Cl. 188, 190 (Fed.Cl.2005))

**5. Protected or Privileged Material**

Defendants argue that the personnel file "which inherently may contain sensitive information such as his social security number, banking information, medical information, and personal home or cell phone numbers and addresses." (Doc. 36 at p. 2).   Here, the information in Officer Cronin's personnel file is unquestionably sensitive and otherwise confidential information.  But Rule 45 does not require the court to quash the subpoena simply because that is the case.  Instead, the court may "modify" the subpoena, which is appropriate here.  Accordingly, the court will modify the subpoena and require Raven Kaufman to produce to Mr. Lipksy a copy of Officer Cronin's redacted personnel file.  All social security numbers, banking information, medical information, personal home phone numbers, cell phone numbers, addresses, names of Officer Cronin's family members, as well as the name of the alleged victim of the sexual assault as discussed in the Complaint are to be redacted.  Ms. Kaufman shall produce the redacted personnel file to Mr. Lipsky within 14 days of entry of this order.

## **CONCLUSION**

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion to Quash (Doc. 35) is granted in part and denied in part.

## **NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A),

unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 21st day of August, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge