UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DANIEL LIPSKY,<br><br>                Plaintiff,<br>vs.<br><br>NATE CRONIN, BILL WAINMAN, MICHAEL CLOSE; and CITY OF HOT SPRINGS, SOUTH DAKOTA,<br><br>                Defendants. | 5:22-CV-5039-LLP<br><br>**ORDER DENYING MOTION TO COMPEL, DENYING MOTION TO EXTEND DEADLINES, AND ORDERING DEADLINE TO FILE RESPONSE TO SUMMARY JUDGMENT MOTION** |

Pending before the Court is a Motion to Extend deadlines filed by Plaintiff Daniel Lipsky (Doc. 42), a Motion to Compel filed by Mr. Lipsky (Doc. 46), and a Motion for Summary filed by Defendants (Doc. 51).

### I.    Motion to Compel

In Mr. Lipsky's complaint, he alleged claims under 42 U.S.C. § 1983 for unlawful arrest and unlawful search and seizure, and alleged claims for false imprisonment and malicious prosecution. (Doc. 1). He also alleged claims for negligent hiring, training, and supervision as well as a claim for criminal conspiracy. (Doc. 1). Defendants moved to dismiss. (Doc. 6). Mr. Lipsky's remaining claims that survived Defendants' motion to dismiss are: (1) a § 1983 claim based on unlawful search of Mr. Lipsky's truck and his personal effects; (2) Mr. Lipsky's claim for prolonged detention; and (3) Mr. Lipsky's negligent hiring, training and supervision claims.

Pending before the Court is Mr. Lipsky's April 26, 2024, Motion to Compel filed after the February 1, 2024, discovery deadline. (Docs. 24, 46). Therein, Mr. Lipsky requests the following:

1. A copy of all of Officer's Nate Cronin's body camera footage from his time with the Hot Springs Police Department without edits or modifications.
2. A copy of all of Officer Nate Cronin's Arrest reports for his time at Hot Springs Police Department.
3. A copy of all paperwork submitted to the South Dakota Office of Highway Safety, including grant requests submitted, paperwork, and grant money from January 1, 2017, to present.

(Doc. 46-1).

1

Federal Rule of Civil Procedures 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The party seeking discovery must make "some threshold showing of relevance . . . before parties are required to open wide the doors of discovery. . . ." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (internal quotations marks omitted). Relevancy "encompass[es] 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." *EEOC v. Woodmen of the World Life Ins. Society*, Civ. No. 8:03-16, 2007 WL 1217919, at * 1 (D. Neb. Mar. 15, 2007) (citing *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972)); *see also Kirshenman v. Auto-Owners Inc.*, Civ. No. 09-4190-KES, 2012 WL 548857, at **5 (D.S.D. Feb. 21, 2012). Once the party seeking discovery has met its threshold showing of relevance, the burden then shifts to the party resisting discovery to show specific facts demonstrating that the discovery is irrelevant, overly broad, or unduly burdensome. *See Highmark, Inc. v. Northwest Pipe Co.*, Civ. No. 10-5089-JLV, 2012 WL 997007, at *6 (D.S.D. Mar. 23, 2012); *see also WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (concluding that the defendant's request was excessively broad and that the district court did not abuse its discretion in refusing to require WWP to "dump" all of its donation records on defendant).

The Federal Rules of Civil Procedure permits a court to compel discovery when discovery disputes exist between litigants.

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). A movant's failure to meet-and-confer or attempt to meet-and-confer in good faith is grounds for denying a motion to compel. *See Buergofol GmbH v. Omega Liner Co.*, Civ. No. 4:22-4112, 2023 WL 4143633, at *2 (D.S.D. Jun. 22, 2023) (citing *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

Mr. Lipsky has not filed any certificate describing his efforts to resolve the discovery dispute and Defendants argue that he failed to confer with them in good faith about the discovery dispute before filing his Motion to Compel. Defendants attest that Mr. Lipsky did not email Defendants' counsel to discuss any of the discovery disputes. (Doc. 50, Naasz Aff. at ¶ 8). Defendants attest that Mr. Lipsky's only efforts to meet-and-confer were two phone calls. (Doc. 50, Naasz Aff. at ¶ 6). Defendants attest that Mr. Lipsky first called on April 23, 2024, at 3:15 p.m. leaving a voicemail and that the following morning, Mr. Lipsky called but left no voicemail. (Doc. 50, Naasz Aff. at ¶ 6). Defendants attest that no further efforts were attempted to reach out before Mr. Lipsky filed his Motion to Compel on April 26, 2024. (Doc. 50, Naasz Aff. at ¶ 6).

Mr. Lipsky has not attempted to show how any of his three requests for production are relevant to his surviving claims. Mr. Lipsky has in his possession body camera footage of Officer Cronin of his DUI arrest and his arrests reports from the Hot Springs Police Department which are contained on a thumb drive filed with his Complaint. (Doc. 1-1). In Mr. Lipsky's Motion to Compel, he requests a copy of all of Officer Nate Cronin's body camera footage from his time with the Hot Springs Police Department and all of Officer Cronin's arrest reports for his time with the Hot Springs Police Department. (Doc. 46-1). Even if the body camera footage and arrest reports may be relevant to his negligent supervision claim, the Court finds that Mr. Lipsky's request is overbroad and unduly burdensome. While Mr. Lipsky's request for all paperwork submitted to the South Dakota Office of Highway Safety, including grant requests submitted, paperwork, and grant money from January 1, 2017, to present, may have been relevant to his criminal conspiracy claim, that claim was dismissed by the Court in its memorandum opinion and order ruling on the motion

to dismiss. The Court fails to see, and Mr. Lipsky fails to explain, how this information may be relevant to his surviving claims. Mr. Lipsky's Motion to Compel is therefore denied.

### II.     Motion to Extend Deadlines

Mr. Lipsky has asked that deadlines for discovery and the trial date be postponed for an undetermined future date. (Doc. 42). He states that he will not be ready to publish his witness or exhibition lists anytime in the near future. (Doc. 42). Also in support of his motion, Mr. Lipsky references two subpoenas that he served which Defendants moved to quash, and which were, until recently, pending before the Magistrate Judge.

On August 21, 2024, Judge Wollman issued the following orders: (1) granting the motion to quash subpoena duces tecum issued to the South Dakota Division of Criminal Investigation; and (2) granting in part and denying in part the motion to quash subpoena duces tecum issued to non-party Raven Kaufmann requesting "former Box Elder officer Nate Cronin's personnel file in full with a complete list of persons arrested by him via USB or CD." (Docs. 56, 57). With regard to the South Dakota Division of Criminal Investigation subpoena, Mr. Lipsky sought the production of "all video, body cam video, files and documents in DCI possession concerning Hot Springs, SD police department." (Doc. 33-1). Judge Wollman ruled that while the request to the South Dakota DCI met the threshold showing of relevance to his claim of negligent hiring, training and supervision, the request presented an undue burden on the non-party, DCI[1]. (Doc. 56 at 269, 271). With regard to the subpoena to Raven Kaufman, Judge Wollman ruled that the court will allow the subpoena with modifications. (Doc. 57 at 281). She ruled that all social security numbers, banking information, medical information, personal home phone numbers, cell phone numbers, addresses, names of Officer Cronin's family members, and the name of the alleged victim of the sexual assault as discussed in the Complaint are to be redacted. (Doc. 57 at 281). Judge Wollman concluded that Officer Cronin's personnel file from the Box Elder Police Department regarding alleged misconduct and a resignation under questionable circumstances may be relevant to Mr. Lipsky's surviving negligent hiring claim because it pertains to what Hot Springs knew or should have discovered by a reasonable investigation when it made its hiring decision. (Doc. 57

---

[1] Judge Wollman also stated that even if the court were to narrow the scope of the requested discovery to all body camera footage from former Officer Nate Cronin, all his arrest reports, and all investigative reports from DCI regarding Defendant Cronin, Wainman, and Close, the request still presents an undue burden on the non-party, DCI. (Doc. 56 at 271).

4

at 279). The court ordered that Ms. Kaufman produce the redacted personnel filed to Mr. Lipsky within 14 days of entry of her order.

The Court cancelled the trial date in this matter originally scheduled for September 9, 2024, given the outstanding discovery issues still pending before the Court. (Doc. 48). Now that the motions to quash and the motion to compel filed by Mr. Lipsky have been ruled on, the case must proceed. Pending before the Court is a Motion for Summary Judgment filed by Defendants on June 3, 2024. (Doc. 51). Plaintiff has 45 days from the date of this order to file a response to the Defendants' Motion for Summary Judgment.

Accordingly, it is hereby ORDERED that:

1. Mr. Lipsky's Motion to Compel (Doc. 46), is DENIED;

2. Mr. Lipsky's Motion to Extend Deadlines (Doc. 42), is DENIED;

3. Mr. Lipsky shall have 45 days from the date of this order to file a response to Defendants' Motion for Summary Judgment. Defendants reply brief shall be filed in accordance with the Federal Rules of Civil Procedure.

Dated this 27th day of August, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK